IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ERIC MATTHEW NEGRIN, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | CIV. NO. 5:22-CV-00248-MTT-CHW |
| NURSE BETTY EVANS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER AND RECOMMENDATION**

*Pro se* Plaintiff Eric Negrin, an inmate confined in the Valdosta State Prison in Valdosta, Georgia, has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed *in forma pauperis* (ECF No. 2) and has moved to stay this case indefinitely (ECF No. 5). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, but his motion for a stay is **DENIED** at this time. In addition, Plaintiff's claims that Defendants Evans, Gary, and Mitchum failed to provide Plaintiff with appropriate mental health care shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

**MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. His application to proceed *in forma pauperis* (ECF No. 2) is therefore **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

### I.  Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court

each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    **II.**    **Plaintiff's Obligations Upon Release**

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**MOTION TO STAY**

Plaintiff has also filed a motion to stay these proceedings indefinitely, contending that he was seriously injured when prison officials used excessive force against him and requires additional time to "heal and try to find a lawyer to represent [him] further."  Mot. Stay 1-2, ECF No. 5.  Plaintiff's motion for an indefinite stay of proceedings (ECF No. 5) is **DENIED** at this time.  As required to procure medical treatment, however, Plaintiff may request specific extensions of time regarding the various deadlines he faces in any of the

cases he has pending before this Court. To the extent possible, however, Plaintiff is directed to diligently prosecute this lawsuit. *See* Fed. R. Civ. P. 1 (denoting the speedy resolution of proceedings as a desirable end).

## PRELIMINARY SCREENING

### I. Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and

4

"claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Factual Allegations

Plaintiff's claims arise from his treatment in the Twiggs County Jail beginning in August of 2020.  Compl. 5, ECF No. 1.  According to the Complaint, all Defendants failed to provide Plaintiff with his antidepressant medication in the jail, which caused him "to be

5

suicidal." *Id.* Plaintiff also alleges that Defendants Michaels and Graham, both of whom are doctors, instructed Defendant Evans (the jail's nurse), Defendant Gary (a captain at the jail), and Defendant Mitchum (the county sheriff) to house Plaintiff in "medical isolation" and to provide Plaintiff with "counseling from a qualified mental health doctor." *Id.* Despite these orders, Defendants Evans, Gary, and Mitchum failed to provide counseling and permitted "other violent inmates to be placed into [Plaintiff's] medical isolation cell when the jail got crowded." *Id.* Plaintiff was ultimately assaulted by one of these inmates and suffered serious injuries. *Id.* Plaintiff thus contends Defendants' action and inaction violated his constitutional rights, and as a result he seeks declaratory and injunctive relief and monetary damages. *Id.* at 6.

### III. Plaintiff's Claims

#### A. Inadequate Medical Treatment Claims

Plaintiff first suggests that prison officials failed to provide him with adequate medical care. A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs—including serious mental health needs—can state a constitutional claim. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).[1] "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need," and must also "prove that the

---

[1] The standard for deliberate indifference in the context of a medical claim is the same whether the inmate is a pretrial detainee or convicted prisoner. *Dang v. Sheriff*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) (noting that *Kingsley* did not abrogate or conflict with prior precedent identifying the standard to use in inadequate medical treatment claims).

6

prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).

In this case, Plaintiff alleges that Defendants did not provide him with antidepressant medication or counseling that would have helped him address his suicidal tendencies. Depression and suicidal ideation can be considered "serious medical needs" for purposes of this analysis. But the fact that Defendants Michael and Graham did not provide Plaintiff with antidepressant medication—standing alone—does not show deliberate indifference to that medical need. Defendants Michael and Graham are both physicians, and they apparently chose to treat Plaintiff's mental health needs by prescribing "medical isolation" and counseling rather than medication. An inmate "cannot establish deliberate indifference simply by second guessing the conclusions reached by a prison medical official in the exercise of his medical judgment." *Bismark v. Fisher*, 213 F. App'x 892, 897 (11th Cir. 2007) (per curiam). Further, even assuming that Plaintiff had been prescribed antidepressants by an outside physician, Defendants Michael and Graham were not "obliged to implement another doctor's treatment plan." *Id.* "[A] prison physician's failure to subordinate his own professional judgment to that of another doctor" does not amount to a constitutional violation; "to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." *Id.* Plaintiff has therefore failed to state a constitutional claim against Defendants Michael or Graham.

On the other hand, prison officials' failure to provide prescribed treatment can be considered deliberate indifference. *See, e.g., Benson v. Gordon Cnty.*, 479 F. App'x 315, 319 (11th Cir. 2012) (per curiam) (prisoner stated claim against nurse who intentionally withheld prescribed pain medication from prisoner). Plaintiff has alleged that Defendants Evans, Gray, and Mitchum were aware of "the medical doctors orders" to keep Plaintiff in isolation and to provide him "counseling from a qualified mental health doctor." Compl. 5, ECF No. 1.[2] Plaintiff has also alleged that these three Defendants failed to provide this treatment. *See id.* At this very early stage of the litigation, the Court cannot say that these claims are entirely frivolous. Plaintiff's medical deliberate indifference claims against Defendants Evans, Gray, and Mitchum must therefore proceed for further factual development.

### B. Failure-to-Protect Claims

Plaintiff also claims that he was "violently attacked" by another inmate at the jail. Compl. 5, ECF No. 1. Plaintiff contends that at the time he was attacked, he was supposed to be in "medical isolation," but Defendants Gary, Mitchum, and Evans placed "a violent inmate" into Plaintiff's "cell and common area" due to overcrowding at the jail. *Id.* Plaintiff states that he is "permanently deaf and disabled" as a result of the attack. *Id.*

A prisoner who asserts that prison officials breached their duty to protect their inmates from harm caused by other prisoners can state a constitutional claim. *See, e.g.,*

---

[2] Plaintiff does not clearly allege that Defendants Michaels and Graham knew Plaintiff was not receiving the treatment they had prescribed. *See* Compl. 5, ECF No. 1.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994).³  A prisoner asserting a failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation.  *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).  To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that prison officials knowingly or recklessly disregarded that risk.  *Id.* at 1332.

Plaintiff's allegations do not show that any named Defendant was deliberately indifferent to a substantial risk that Plaintiff's cellmate would seriously harm him.  Establishing deliberate indifference in this context requires making both an objective and subjective showing.  *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019).  "Subjectively, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw that inference."  *Id.* (internal quotation marks omitted) (alteration in original).  An inmate must establish that the prison official has "'more than a generalized awareness of risk'" to make out a claim for deliberate indifference.  *Id.* at 1234 (quoting *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1101-02 (11th Cir. 2014)).  An inmate can do this by pleading facts showing "that he was in an environment so beset by violence that confinement, by its nature, threatened him with the substantial risk of serious harm" or by providing prison officials with details about a specific threat sufficient "to enable them to conclude that it presents a

---

³ Though it appears Plaintiff was a pretrial detainee at the time he filed his lawsuit, the Eleventh Circuit recently indicated that it will continue to use the subjective deliberate indifference standard unless a pretrial detainee is asserting an excessive force claim.  *See Swain v. Junior*, 961 F.3d 1276, 1285 n.4 (11th Cir. 2020).

9

'strong likelihood' of injury, not a 'mere possibility.'" *Id.* at 1235-36 (quoting *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015)). The inmate must then establish that the prison official objectively "responded to the known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act." *Id.* (internal quotation marks omitted).

Plaintiff has not alleged any facts suggesting that Defendants recognized that Plaintiff's housing situation posed a substantial risk of serious harm to Plaintiff; he does not contend, for example, that his dorm was particularly violent, that the inmate that injured him personally threatened Plaintiff, or that the inmate's mental illness had ever resulted in prior acts of violence. At most, Plaintiff contends that he should have been housed alone because he was suicidal. Thus, the risk about which Defendants were arguably aware in this case was the risk that Plaintiff would harm himself, not that he would be assaulted by another inmate. Because he has not pleaded any facts suggesting that prison officials were subjectively aware of a substantial risk that Plaintiff would be physically assaulted by another inmate, Plaintiff cannot state a claim. *See Marbury*, 936 F.3d at 1237 (observing that a "vague statement that conveys nothing about the nature of the anticipated risk" faced by an inmate "would not rise to the level of deliberate indifference to a substantial risk"). Plaintiff's failure-to-protect claims should therefore be dismissed without prejudice.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, but his motion for a stay (ECF No. 5) is **DENIED**. Plaintiff's claims that Defendants Evans, Gary, and Mitchum failed to provide Plaintiff with appropriate

mental health care shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Evans, Gary, and Mitchum, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly

advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has

been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of

the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 30th day of September, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge